# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN PHILLIPS, an individual, | ) | 3:12-cv-00344-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| C.R. BARD, INC., a foreign corporation, | ) | **INTERIM CASE MANAGEMENT ORDER** |
| BARD PERIPHERAL VASCULAR, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This Interim Case Management Order addresses multiple discovery issues, including the format(s) to be utilized by Defendants C.R. Bard, Inc., and Bard Peripheral Vascular, Inc.,[1] in their production of Electronically Stored Information (ESI), additional fields of metadata for certain ESI documents produced by Bard, the format for production of ESI documents created as Power Point presentations and Excel spread sheets, Bard's databases, identification of custodians and keyword searches. These issues arose following the court's status conference of January 17, 2013 (*see* Minutes at Doc. # 46) conducted on the parties' Joint Case Management Report (Doc. ## 43, 48); and briefing thereon, including, Plaintiff's motions to compel (Doc. ## 50, 56), Defendants' responsive memoranda (Doc. ## 49, 53) and other filings by the parties (Doc. ## 57, 59, 65, and 72.) The decisions by the court as set forth herein follow a hearing on February 22, 2013 (*see* Minutes at Doc. # 68), where the court received arguments of counsel on the aforementioned issues and also received comments, suggestions and recommendations of the parties' ESI consultants, and a hearing on March 1, 2013,

---

[1] Defendants C.R. Bard, Inc., and Bard Peripheral Vascular, Inc., shall hereinafter be referred to as Bard.

where the court received comments and suggestions regarding the contents of this order.

Now, with good cause appearing, the court enters its Interim Case Management Order, as follows:

**I.      Format of Production**

Except for the production of certain documents as set forth herein, Bard's electronically searchable TIFF format will be an acceptable format of production. Power Point presentations and Excel spreadsheets shall be produced in "native" format. The court reserves ruling on the required format for production of databases, if any. With regard to possible production of Bard databases, the parties are to jointly discuss and explore the feasibility of producing databases, including the possible production of "IMS Sales database."

**II.     Additional Fields of Metadata**

Based upon comment and representation of the parties' ESI consultants, Bard shall produce the following additional metadata for all documents produced in TIFF format: Original File Name, File Path, Create Date, Internal Create Date, and E-mail Receive Date. In respect to reduplicated ESI, Bard shall provide the file path location for all custodians who had the document.

**III.    Custodians**

Bard will provide Plaintiff a comprehensive list of all custodians from whom ESI has already been collected by Bard. Bard will further search and produce the custodial files of the twenty (20) "priority" Bard custodians who were identified by Plaintiff, using the search terms previously utilized.

Unless Bard files a timely motion for protective order arguing that these productions would impose an undue burden on Bard, these productions will be accomplished within **thirty (30) days** of the date of this order. Bard may seek leave of court to request additional time to accomplish this task. In addition, Plaintiff may seek leave of court to include additional custodians on a showing of good cause.

**IV.     Additional Search Terms/Keyword Searches**

Plaintiff sought to have Bard utilize certain additional search terms not previously employed by Bard. At the February 22, 2013 status conference, the parties' ESI consultants agreed to meet to

discuss the reasonable ability of Bard to employ these additional search terms.

The court, however, did not specify any deadlines for the ESI consultants to complete their collaboration, nor did the court enter any deadlines as to when any such additional searches must be completed. Bard, in its proposed interim case management report (Doc. # 69), stated that after the parties' consultants meet and confer, and after Bard has applied these new keyword search terms to the "priority" custodians, it would advise the court of its ability to comply with the new search requests.

While the court appreciates and accepts Bard's representations, the court also adopts more specific deadlines and protocol as proposed by Plaintiff, as follows:

(1) Plaintiff will provide Bard with a list of further search terms within ten days of the date of this order;

(2) Bard will then have ten days to either agree to run the searches, or to explain in writing their basis for objecting to the individual keyword searches; for those keyword searches not objected to, Bard will have thirty days from the date of receipt of the search terms to provide responsive documents, except for documents which contain redactions, in which case Bard will have an additional fifteen days to provide those redacted documents. For any search that Bard runs, if Bard intends to withhold any document or portion of a document as privileged or subject to the work product doctrine, it must provide a corresponding privilege log entry for such document(s) within the thirty day time frame it has to provide responsive documents.

(3) If Bard objects to any designated search terms, the parties will then meet and confer in good faith to resolve any disputes. If a satisfactory resolution cannot be reached, Plaintiff will move to compel within 12 days of receipt of the written statement explaining Bard's reasons for refusing to employ the designated search terms;

(4) If supplemental document productions disclose further relevant keywords, Plaintiff may designate further keyword searches following the above-described protocol.

///

///

**Discovery Deadline and Trial Date**

The parties are reminded that pursuant to their agreement, the new deadline for completion of fact discovery is **November 15, 2013.** Expert discovery is to be completed on or before **January 14, 2014**. (*See* Doc. # 73.) The parties are further reminded that in granting the parties' requested extensions, the court stated that there shall be no further extensions and the parties should guide themselves accordingly.

Unless any dispositive motions are still outstanding, the trial of this matter is set for **June 3, 2014**, before the Honorable Robert C. Jones, Chief Judge.

**IT IS SO ORDERED.**

**DATED:   March 1, 2013.**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE