# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN PHILLIPS, an individual, | ) | 3:12-cv-00344-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | March 13, 2013 |
| C.R. BARD, INC., a foreign corporation, | ) | |
| *et al*., | ) | |
| Defendant. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>KATIE LYNN OGDEN</u>  REPORTER:  <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's Motion to Seal, wherein Plaintiff seeks to seal Exhibits 3 through 12 (Doc. # 57-1, p. 24 through 57-5, p. 8) which are attached to the Declaration of Troy A. Brenes. (Doc. # 55.) Plaintiff's rationale for seeking to seal the documents is that the Defendants have claimed each of these documents in Exhibits 3 through 12 is confidential (*id.* at 2), and "files this motion to preserve Defendants' right to seek protection for these documents" (*id* at 3).

Also before the court is the Defendants' motion (Doc. # 79) wherein Defendants seek to seal Exhibits 3 through 12 attached to the Declaration of Troy A. Brenes in Doc. # 54-1. However, Doc. # 54-1 does not actually contain Exhibits 3 through 12 and, as noted above, the Declaration was refiled as Doc. # 57. Therefore, the court will consider the Defendants' motion to seal as it pertains to Exhibits 3 through 12 filed in Doc. # 57.

Defendants seek to seal Exhibits 3 through 12 because they contain numerous confidential documents that were previously produced to Plaintiff's counsel pursuant to a protective orders entered in similar matters involving Bard's IVC filters. (*Id*. at 79-2.) Defendants represent that Exhibits 3 through 12 "contain confidential information, trade secrets, or internal investigations/ analyses, which, if disclosed would enable Defendants' competitors to gain an unfair advantage." (*Id*. at 5.)

/ / /

**MINUTES OF THE COURT**
3:12-cv-00344-RCJ-WGC
Date:  March 13, 2013
Page 2

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents."  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access.  *See id.*  Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

When a motion to seal documents is filed in connection with a non-dispositive motion, as here, "the usual presumption of the public's right of access is rebutted[,]" and requires only a showing of "good cause." *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").  The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted).  While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court concludes that the stated cation to protect Bard's confidential information, trade secrets and internal investigations and analyses from disclosure to the public satisfies the "good cause" standard for documents filed in connection with a non-dispositive motion. *See, e.g., San Ramon Regional Med. Ctr., Inc.  v. Principal Life Ins. Co.,* 2011 WL89931, at \*n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins.* Co., 2010 WL4715793, at \* 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at \*1-2 (D. HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at \* 1 (D.Ariz. May 4, 2009).  Balancing the need for the public's access to internal information concerning Defendants' standard operating procedures, research and development, investigations, analyses, and internal policies and procedures, against the need to maintain the confidentiality of these nine exhibits weighs in favor of sealing these exhibits.

Defendants' motion (Doc. # 79) to seal Exhibits 3 through 12  (Doc. # 57-1, p. 24 through 57-5, p. 8) is **GRANTED**.  Plaintiff's motion (Doc. # 55) is **DENIED as moot.**

**IT IS SO ORDERED.**

LANCE S.  WILSON, CLERK


By: _____/s/_____
              Deputy Clerk