UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN PHILLIPS, an individual, ) | | 3:12-cv-00344-RCJ-WGC |
| ) | | |
| Plaintiff, ) | | **MINUTES OF THE COURT** |
| ) | | |
| vs. ) | | August 7, 2013 |
| ) | | |
| C.R. BARD, INC., a foreign corporation, ) | | |
| BARD PERIPHERAL VASCULAR, ) | | |
| INC., ) | | |
| Defendants. ) | | |
| _____) | | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

   Before the court are two motions related to a request to file certain documents under seal: (1) Motion to Temporarily Seal Declaration and Amended Declaration and All Attached Exhibits Filed in Support of Motion for Reconsideration filed by Plaintiff (Doc. # 93); and (2) Motion to Seal the same documents, filed by Defendants (Doc. # 96).

   The first motion is a request to temporarily seal the declaration of Troy Brenes (Doc. # 91-1), Amended Declaration of Troy Brenes (Doc. # 92) and all exhibits thereto, filed in support of Plaintiff's motion for reconsideration (Doc. # 91), pending the filing of a full motion to seal these documents by Defendants, pursuant to the terms of the protective order entered into by the parties to this action. The second motion is Defendants' motion to seal these documents. (Doc. # 96.)  Defendants assert that Exhibit A to the Declaration of Troy Brenes and Amended Declaration of Troy Brenes should be sealed because it contains confidential information, and internal investigations/analyses that should not be disclosed as it would enable Defendants' competitors to gain an unfair advantage. (*Id*.)
///
///
///
///
///

MINUTES CONT'D
3:12-cv-00344-RCJ-WGC
PAGE

      "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

      A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

      When a motion to seal documents is filed in connection with a non-dispositive motion, as it is here, "the usual presumption of the public's right of access is rebutted[,]" and requires only a showing of "good cause." *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").

      The court finds that protection of Defendants' proprietary business operations information satisfies the "good cause" standard for filing documents in connection with a non-dispositive motion under seal. Accordingly, Defendants' motion (Doc. # 96) to seal **Exhibit A** to the Declaration of Troy Brenes (set forth within Doc. # 91-1) and **Exhibit A** to the Amended Declaration of Troy Brenes (set forth within Doc. # 92), is **GRANTED**. Plaintiff's motion to temporarily seal these documents (Doc. # 93) is **GRANTED, NUNC PRO TUNC**.

      **IT IS SO ORDERED.**

                                                      LANCE S. WILSON, CLERK

                                                      By:   /s/
                                                              Deputy Clerk