UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN PHILLIPS, <br><br> Plaintiff, <br><br> vs. <br><br> C.R. BARD, INC. et al., <br><br> Defendants. | 3:12-cv-00344-RCJ-WGC <br><br> **ORDER** |

This case arises out of an allegedly defective medical device. The parties settled during trial. Defendants have asked the Court to seal certain trail exhibits and portions of the trial transcript.

A court may "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought. Fed. R. Civ. Pro. 26(c). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006). There is a strong presumption towards public access to judicial records. *See id.* at 1178. Under *Kamakana*, judicial records are

separated into two groups, each with its own standard to be met if litigants wish to seal them. First, judicial records attached to dispositive motions must meet the "compelling reasons" standard in order for those documents to be sealed. *Id.* at 1180. Those compelling reasons must outweigh the competing interests of the public in gaining access to the judicial records and to understand the judicial process. *Id.* at 1178–79. Second, judicial records attached to nondispositive motions must meet the lesser "good cause" standard to be sealed. *Id.* A motion to seal transcripts and evidence adduced at trial must satisfy the "compelling reasons" test, because a trial is a dispositive proceeding. *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008). The Court of Appeals has rejected requests to seal documents under the "compelling reasons" standard where the movant makes nothing more than "conclusory statements about the content of the documents—that they are confidential and that, in general," their disclosure would harm the movant. *Id.* at 1182.

    Defendants argue that three categories of material should be sealed: (1) product design and testing, including confidential communications between Defendants and the FDA; (2) sales and marketing information; and (3) Defendant's internal quality control procedures, complaint and adverse event responses, reporting and handling, device tracking procedures, and corrective action procedures. The Court finds that these categories of information do not satisfy the compelling reasons test. The only harm that could come to Defendants form the release of this information is the precipitation of further lawsuits against it. Preventing lawsuits due to the release of inculpating information is not a compelling reason to seal otherwise public legal proceedings. Indeed, the exposure of facts relevant to the material claims in a lawsuit is the

purpose of a trial, and these facts should remain public unless the harm likely to result from their release is unrelated to the nature of the claims. The information does not directly implicate trade secrets.

Even if the test could be satisfied, Plaintiff correctly notes that Defendants have waived the issue because Defendants made no motion to seal the exhibits or testimony at the public trial. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2nd Cir. 2004); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988); *Nat'l Polymer Prods. v. Borg–Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 588 (E. D. Va. 2009) ("The First Amendment public right of access to these exhibits sprang into existence upon their being offered into evidence for the jury's consideration at trial, and since no request was made to seal them prior to or at that time, Savvis waived any future right to assert any competing interest to be weighed by the Court and, thus, any objection to the public availability of the exhibits in the Court's files.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Seal (ECF No. 317) is DENIED.

IT IS FURTHER ORDERED that the Motion (ECF No. 326) is DENIED without prejudice, as it has been incompletely filed.

IT IS SO ORDERED.

Dated this 1st day of June, 2015.

_____
ROBERT C. JONES
United States District Judge